## German Township School District *versus* Sangston.

1. The building-tax of a school district cannot be diverted to ordinary purposes.

2. A mandamus execution to collect a judgment against a school district for building, cannot divert the ordinary taxes from appropriation to debts contracted before it was issued, for the schools during the period for which the directors have authorized them to be kept open, although that be more than five months, and although the taxes may have been paid into the treasury after the mandamus was served.

3. The surplus of the annual school-tax may be appropriated for the payment of buildings if it does not prevent the schools from being kept open for five months in the subsequent year.

4. If the directors contract debts for building so as to interfere with exercise of their discretion to keep the schools open more than five months, it is a determination against the exercise of such discretion.

November 19th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Fayette county:* Of October and November Term 1873, No. 131.

The matters brought up for review by this writ of error, were proceedings in the nature of an execution by Isaac O. Sangston against the School District of German Township.

On the 4th of March 1873, Sangston recovered a judgment for $3150.51 against the school district for building a school-house. The judgment being unpaid, on the 24th of March he petitioned the Court of Common Pleas to direct a writ to issue commanding the directors and treasurer of the district to cause the amount of the judgment to be paid to him out of any moneys of the district unappropriated, or if there be no such moneys, out of the first moneys that shall be received for the use of the district.

On the same day the court (Gilmore, P. J.) directed a writ to issue according to the Act of Assembly.

The command of the writ was in the words of the prayer of the petition.

The sheriff made this return :—

" March 25th 1873, made known to the directors and treasurer of said school district the decree of the court in the premises and commanded as within set forth. To which command they made

answer that there were no moneys of said district in their hands unappropriated, and that the tax for building purposes levied by the board of school directors, who organized in June 1873, would be the first money applicable to the payment of this writ."

On the 3d of June, Sangston presented a petition to the court, setting forth : " That at the date of the service of this writ on the directors and treasurer of German township, to wit, March 25th 1873, there were moneys in the treasury of said district, subject to the command of said writ unappropriated, and that since the date of said service, a large sum of money has come into the hands of said treasurer, for the use of said district, and applicable to this writ;" but that the directors and treasurer refused to pay, &c. He prayed for an attachment to enforce obedience to the writ.

On the same day the court granted a rule on the defendants to show cause why an attachment should not issue.

On the 25th of June, the defendant filed an answer to the petition : " That a small amount of money, if any, of any kind, was in the hands of the school treasurer of said district at the time, viz, March 25th 1873, said fi. fa. was served on him or the directors, and that since that date, up to June 21st 1873, when the said treasurer settled his account with the directors, some eight or nine hundred dollars have been collected on his duplicate, out of which he paid orders issued by the directors, to the amount of $209.84. That there are some $300 on his duplicate uncollected. That all of said money in the treasurer's hands on the 25th of March 1873, or that has come in since that day, was collected for school purposes and was originally levied and appropriated for school purposes, and orders to the amount of over $500 still unpaid, have been drawn on the same, and none of such money was part of the building tax levied at any time by said directors, the whole of said building tax having been paid out before said date. And said directors and treasurer are unable therefore to pay any money on said fi. fa., but intend to levy a building tax before July 1st 1873, and collect the same and apply it as far as it will reach towards the payment of said judgment."

After hearing testimony and argument, the court (Campbell, P. J.) made the following order :—

" And now, June 26th 1873, the rule to show cause," &c., " came on to be heard, when it appeared, 1. That the debt for which the judgment was obtained was for the erection of a school-house in Masontown, in said township of German. 2. That for the year ending May 31st 1873, the directors had levied both a school and building tax, the latter of which had been exhausted for building purposes before the service of the execution. 3. That at the time of the service of the execution there was no money in the treasury, except a small sum raised from the levy for school purposes, and that an additional sum, amounting to several hundred

[German Township School District *v.* Sangston.]

dollars, and raised from the same source, has since been paid in, a part of which yet remains, the residue having been paid out on orders for school purposes. ˈ4. That no taxes of any kind have as yet been levied for the school year commencing June 1st 1873. Whereupon the court make the rule for an attachment absolute, and direct the defendants to appropriate to the payment of the plaintiff's writ so much of the money so in their hands as may not be necessary to defray expenses of continuing the schools in German township five months during the year ending May 31st 1873."

The defendants took a writ of error and assigned the foregoing order for error.

*A. Howell* (with whom was *C. E. Boyle*), for plaintiff in error.— Referred to Act of May 8th 1854, sect. 28, 30, 33, Pamph. L. 623. Warrants drawn before the service of the mandamus would be entitled to all the money on hand when drawn and what should thereafter come in until they were satisfied: Pollock *v.* Lawrence Co., 2 Pittsburg Rep. 137; Commonwealth *v.* Floyd, Id. 342. The general school-tax by the Act of 1854, is limited to what is necessary to keep the schools in operation: Blair *v.* Boggs School District, 7 Casey 274. Taxes levied for a specified purpose are not unappropriated unless there be an excess beyond answering the purpose: Larimer *v.* Pitt Township, 2 Pittsburg Rep. 352; Evans *v.* Pittsburg, Id. 405.

*T. B. Searight*, for defendant in error, cited Monaghan *v.* Philadelphia, 4 Casey 209.

The opinion of the court was delivered, January 5th 1874, by

AGNEW, J.—The principal question in this case is whether any of the ordinary school taxes can be required to be applied to a debt contracted for building purposes. There is a noticeable difference between the provision in the Act of 8th May 1854, for collecting the tax for ordinary school purposes, and that ˈfor collecting the tax for building purposes. The thirty-third section, providing for the latter, declares that it shall not exceed the amount of the regular annual tax for such year, and shall be applied solely to the purpose of purchasing and paying for the ground and the buildings or erection of buildings thereon. The sections relating to the ordinary annual tax have no restriction, except that to be inferred from the duty of keeping the schools open for at least five months in the year. The building tax cannot be diverted to ordinary purposes; but it is not a consequence that none of the ordinary taxes shall be appropriated to the payment of debts for building. The schools must be kept open for five months every year, and may be longer in the discretion of the directors. So far as debts

[German Township School District *v.* Sangston.]

have been contracted for the schools during the discretionary period, before the mandamus execution shall have been issued, it would be improper to give the mandamus the effect to divert the ordinary taxes from the past expenses for the schools. The law having made the appropriation for the past year, it would be unjust to deprive teachers of their salaries, or to omit to pay the necessary expenses, whether the money was in the treasury before or came in after the service of the mandamus. So far, therefore, as the court ordered the mandamus to take up the money in the treasury, or to come in from the ordinary taxes, which ought to be applied to the debts contracted for the schools during the year gone by, we think they erred. To apply the limit of five months to the past expenses would interfere with a discretion already exercised by the board—a discretion exercised under the law. It would be a harsh rule to give the mandamus a retroactive effect. But we cannot perceive the justice or legal rule which would exempt the surplus of the annual taxes from the payment of debts contracted for buildings; provided it does not prevent the schools from being kept open for five months in the subsequent year. There must be school-houses, while the building tax cannot exceed the amount of the ordinary taxes. It would be just, therefore, that a deficiency of the building-tax should be made up from the ordinary revenue, so far as it will not interfere with the legal limit of time the schools must be kept open. The future is always within the power of the board, and if they have contracted debts for buildings, so as to interfere with the exercise of their discretion beyond the five months in the coming or present year, it is in effect their own determination against the exercise of the discretionary power. The current year (1873) was within their power, and the order of the court could properly direct the application of all moneys to the execution not required to pay the necessary expenses of maintaining the schools for five months in that year. So much of the order as diverted the money in, or to come into the treasury, from the payment of the debts contracted for the schools before the notice of the mandamus given to the board, was erroneous. The order of the court of June 26th 1873, making the rule for the attachment absolute, is now directed to be modified according to the views above stated, and it is ordered that the record be remanded to the court below for the purpose of making a final decree according to the principles we have stated; and the costs of this appeal are ordered to be paid by the defendant in error in this case.