## J. P. O'DONNELL v. SCHOOL D. OF CASS TP.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 17, 1890—Decided March 10, 1890.
[To be reported.]

1. The writ provided by § 21, act of May 8, 1854, P. L. 617, for the enforcement of judgments against school districts, is not an alternative mandamus, but a special writ of execution directed against the money of the defendant, and enforceable by attachment against the officers of the district, in case it be not obeyed.
2. Said writ is an execution within the meaning of §§ 1 and 2, act of June 16, 1836, P. L. 761, and § 4, act of April 16, 1845, P. L. 538, prohibiting the issue of execution upon any judgment after the expiration of five years, unless the judgment has been revived or the defendant warned by scire facias.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS and MITCHELL, JJ.

No. 385 July Term 1889, Sup. Ct.; court below, No. 367 May Term 1883, C. P.

On April 23, 1883, J. P. O'Donnell filed in the court below a transcript of a judgment for $275, recovered by him before a justice of the peace against the School District of Cass township. On May 21, 1888, without any revival of this judgment having taken place, and without the issue of any writ of scire facias thereon, the court, on motion of the plaintiff's attorney, unaccompanied by any petition or affidavit, made an order awarding "a mandate for payment of debt, interest and costs." [1] [2]

Thereupon a writ reciting the judgment and commanding the treasurer and officers of said school district to cause the debt,

interest and costs to be paid to the plaintiff out of any unappropriated money of the school district, and if there were none such, then out of the first moneys to be received for its use, or show cause why they could not do so and why an attachment should not issue against them, was issued and served upon the treasurer and school directors.

To this writ Thomas J. O'Boyle, treasurer of the school district, made answer that at the time of its service he had no school funds in his hands ; that since said service he had received from the county treasurer, from unseated lands, the sum of $216.47, for school purposes, and for building purposes the sum of $85.65, but the school board had instructed the respondent to retain these moneys to meet the expense of cleaning, repairing and making ready the schoolhouses of the district for the ensuing school term commencing in September, some two months subsequent to the date of the answer, and that school taxes for the current year would not be collectible until some time in October. The answer showed also, that two other like writs, upon judgments aggregating $2,409.35, were served upon the same day with the writ in favor of O'Donnell, although issued later.

The plaintiff demurred to the answer made by the school treasurer, and the defendant filed a joinder in demurrer. After argument the court, PERSHING, P. J., without opinion filed, made an order by which the answer of the treasurer was adjudged to be insufficient,[3] and, "the board of directors having failed to make answer," a peremptory writ of mandamus was directed to be issued against the school district.[4]

Accordingly a writ peremptorily commanding its treasurer, directors and officers to pay the plaintiff's judgment without delay, was issued. Thereupon the school district, defendant, took this appeal, specifying that the court erred :

1. In issuing a mandate execution upon a judgment not revived within five years from its date.[1]

2. In issuing such execution without a petition and sworn statement of facts on which to ground it [2]

3. In entering judgment for the plaintiff upon the demurrer.[3]

4. In awarding the peremptory mandamus.[4]

*Mr. P. M. Dunn*, for the appellant :

Arguments.

1. When the plaintiff in a judgment has taken no action for five years, he shall be put to his writ of scire facias before he can have execution: Conyngham Tp. v. Walter, 95 Pa. 85. It was therefore error to award the first writ of execution. Nor should the court have issued the writ without an affidavit of the facts upon which it was to be grounded. School officers and directors change almost every year, and for the information of new officers and the better protection of the district, some statement of facts showing that the judgment remains unpaid and is still owned by the plaintiff, should be put on record.

2. Judgment on the demurrer should not have been given for the plaintiff. In the first place, the court should have considered the entire record: Murphy v. Richards, 5 W. & S. 279; and had this been done, the fatal error of awarding an execution upon à judgment more than five years old, would have appeared. It is proper to say that this was not called to the court's attention upon the argument. But the treasurer's answer was sufficient. It was made on behalf of the school directors, as well as himself, and it showed that the money in his hands was necessary to prepare for opening the schools in September. The directors were bound so to open them, and the necessary expenses were the first charge upon the treasury.

3. Under § 21, act of May 8, 1854, P. L. 621, which regulates executions against school districts, there can be no such writ as a peremptory mandamus for the payment of a judgment. The directions of the act are clear and explicit. The proper practice under it is that pursued in German Tp. Sch. Dist. v. Sangston, 74 Pa. 454. If the plaintiff claimed that there was unappropriated money in the treasury, he should have denied the return and applied for an attachment. This kind of execution depends wholly upon the statute for its validity. Therefore, it was essential that the directions of the act should be pursued strictly: Section 13, act of March 21, 1806, 4 Sm. L. 332.

*Mr. George J. Wadlinger*, for the appellee:

1. Not a single exception having been taken to, or entered upon the record of the proceedings in the court below, this cause cannot be reviewed by the Supreme Court: Pearson's Sup. Ct. Practice, § 35; Ruch v. Morris, 28 Pa. 245; Yeager v. Fuss, 9 W. N. 557; Titusville etc. Ass'n v. McCombs, 92 Pa.

364.   At all events, the question respecting the award of the mandate execution, more than five years after the date of the judgment, should not be considered, because no such question was raised by the return to the writ: Easton Bor. v. Water Co., 97 Pa. 554.

2.   That the directors of the district were required to answer the writ themselves, is apparent from the language of § 19, act of May 8, 1854, P. L. 620.   For the reason that they did not do so, we were entitled to the peremptory mandamus.   The answer of the treasurer setting up instructions from the school board to retain the money in his hands was not sufficient.   The O'Donnell mandate having been first issued, was entitled to be paid out of the money admitted to be in the treasurer's hands.

3.   The record in Conyngham Tp. v. Walter, 95 Pa. 85, raises no such question as that upon which it is cited by the appellant. Nor does German Tp. Sch. Dist. v. Sangston, 74 Pa. 454, contain any decision by this court upon the question of practice, and it is not authority for the position that a peremptory mandamus is improper.   The practice in Schuylkill county for many years has been that followed in the present case.   The opinions of the court below in Cavanaugh v. Cass Sch. Dist., 6 Pa. C. C. R. 35, and Gilberton Sch. Dist. v. Mahanoy Sch. Dist., 6 Pa. C. C. R. 38, exhibit the practice and sustain it by abundant authority.

OPINION, MR. JUSTICE WILLIAMS:

School districts are territorial subdivisions of the state for a single purpose.   They have no legislative powers such as are possessed by cities and boroughs, but their single function is to carry into practical operation the common-school system of the state, by the erection of schoolhouses, the employment of teachers, and the levy and collection of school taxes.   The powers of the officers are limited, are conferred by statute, and must be exercised in the manner prescribed by law.   When a judgment is obtained against a school district, an execution cannot be issued for the seizure and sale of its real and personal estates, for this would take from it the schoolhouses, books, and furniture necessary to the maintenance of the schools, and defeat the very purposes for which the district is organized. How, then, shall a judgment against a school district be collected?

This question is fully answered by the act of May 8, 1854, P. L. 621. It provides that, where a judgment has been obtained against a school district, " the party entitled to the benefit of such judgment may have execution thereof as follows, and not otherwise, to wit: It shall be lawful for the court . . . . . to issue thereon a writ, commanding the directors or controllers and treasurer of such school district to cause the amount thereof, with interest and cost, to be paid to the party entitled to the benefit of such judgment, out of any moneys unappropriated of such district, or, if there be no such moneys, out of the first moneys that shall be received for the use of such district, and to enforce obedience to such writ by attachment." We have here the form of the execution provided for the collection of a judgment against a school district, and the manner of its enforcement.

The judgment, when rendered, closed the door against further inquiry into the merits of the plaintiff's demand, and gave the right to execution process. This, if issued and enforced in the ordinary manner, would interfere with the school system, and destroy its usefulness. To prevent this, and yet provide for the collection of the judgment, was the object of the provision we have quoted from the act of 1854. It gave the plaintiff, not an alternative writ of mandamus, with its possibilities of opening new issues by means of a formal return, a traverse, or a demurrer, but a special writ of execution, directed against the money of the defendant. It is a command to the directors and treasurer of the proper district to pay the debt out of any unappropriated moneys on hand; and, if there are none such on hand, then out of the first that shall come into the treasury, or under the control of the officers, thereafter. The duty of the officers served with this writ is to obey its directions if, and as soon as, they are in a position to do so. If the writ is not obeyed, the plaintiff may on a showing of the service of the writ and his suggestion that it° has not been obeyed, have a rule for an attachment, on the return of which an attachment should issue, unless the officers are able to show that no sufficient moneys of the district unappropriated have been in their hands or under their control since the service of the writ with which the payment of the judgment could be made. If such inability to obey the writ be shown, the offi-

cers are not in contempt, and will not be attached. If such inability is not shown, the attachment should issue.

Such being the summary nature of the execution process provided, can such writ issue after the lapse of five years from the rendition of the judgment, without a revival of the judgment or a writ of scire facias? The act of June 16, 1836, provides that, after the lapse of the statutory period, "no execution shall be issued upon any judgment, unless" there has been a revival of the judgment, or the defendant has been warned by scire facias. This provision is general. Judgments against municipal or quasi municipal corporations are not excepted from its operations. The object of the provision is to secure notice to the defendant, after the lapse of five years before execution process shall be issued, so that the question of the extent of the plaintiff's right to execution may be raised and determined before the writ shall go into the hands of the officer. A school district is as much within the mischief which the act of 1836 was designed to remedy as a private person. There is nothing in the form of the writ provided by the act of 1854 to render the protection afforded by a writ of scire facias unnecessary. On the contrary, no form of execution in use in this state is more summary than this. If not obeyed, the only question that can be raised is whether the officers are in contempt and liable to be attached. The ordinary form of execution process is directed against property. This is directed against money. Upon a fieri facias, the officer seizes and sells the goods of the defendant to raise money. This writ requires the defendant to put the money into the officer's hands, and, if this is not done, the school officers may be put in prison. We accordingly hold that the writ issued to compel payment of a judgment against a school district is a writ of execution, and within the prohibition of the act of 1836.

> All the proceedings in this case looking to the collection of this judgment are, for the reasons now given, irregular, and are set aside, at the costs of the plaintiff.