## Mitchell *v.* Kearns (No. 1).

*School law—Levying building tax—Injunction—Equity.*

When school directors levy a tax as a building tax, it must be used in good faith for that purpose alone; if in fact there is no expectation or intention of so using the greater portion thereof, such excess is without authority at law.

On a bill in equity to restrain the collection of a building tax, a preliminary injunction will be continued where it appears from the defendant's own testimony that only a small portion of the tax was to be used for building purposes; that the alleged purpose was to use the larger part of the

tax in paying debts, although there were no debts shown which could be legally paid out of such a fund, and that the school district had large assets in the shape of sums due from former collectors and treasurers.

Argued Jan. 17, 1901.   Appeal, No. 43, Jan. T., 1901, by defendants, from decree of C. P. Luzerne Co., Oct. T., 1900, No. 17, on bill in equity in case of Thomas Mitchell v. Michael Kearns et al., School Directors of Pittston Township and E. J. Keating, Tax Collector of said Township.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Bill in equity to restrain the collection of a building tax. Before WOODWARD, P. J.

From the record it appeared that the tax levied would raise the sum of about $3,500.   The alleged purpose of the tax was to purchase a lot and building said to be worth about $1,200. It was not denied that a very considerable portion of the fund was to be used in paying indebtedness.   The evidence tended to show that there was an outstanding and collectible indebtedness to the district of more than $6,000, and a state appropriation of $3,000.   The court granted and subsequently continued a preliminary injunction.

*Error assigned* was in continuing the injunction.

*E. F. McGovern*, with him *George F. O'Brien*, for appellant. —The testimony in this case shows that the building tax is absolutely necessary for the proper conducting of the schools of the district: Wharton v. School Directors of Cass Township, 42 Pa. 358.

A preliminary injunction should be dissolved unless the plaintiff's right is clear and free from doubt:  Brown's App., 62 Pa. 17; Harkinson's App., 78 Pa. 196; Shroder's App., 1 W. N. C. 528; Baxter v. Buchanan, 7 Phila. 315; McCartney v. Cassidy, 141 Pa. 453.

*Charles E. Terry*, for appellee.—The building tax of a school district cannot be diverted to ordinary school purposes:  Conner's App., 103 Pa. 356; German Twp. School Dist. v. Sangston, 74 Pa. 454.

Even when legislative authority is given to tax for a certain purpose, yet if the tax levied is clearly in excess of the sum required for that purpose, its collection may be enjoined: St. Clair School Board's Appeal, 74 Pa. 252; Conner's App., 103 Pa. 356; Harper's App., 109 Pa. 9; Arthur v. Frenchcreek Twp. School District, 164 Pa. 410; St. Mary's Gas Co. v. Elk County, 191 Pa. 462; Lueder v. Caffrey,, 9 Kulp, 149; Mason v. Caffrey, 9 Kulp, 414; Davis v. Bradford School District, 4 Pa. C. C. R. 656.

PER CURIAM, February 14, 1901:

This is an appeal from an interlocutory order continuing a preliminary injunction. The defendants are the school directors of Pittston township school district and the township collector of taxes. The plaintiff is a citizen and taxpayer of the school district who sues for himself and all other taxpayers thereof who may think proper to join in the bill. Notwithstanding the admitted fact that the school district had collectible assets amounting to $6,377, consisting of sums due from former collectors and treasurers, which the directors, in apparent disregard of their plain duty, were not proceeding to collect, they levied a building tax of thirteen mills, which would amount to $3,503. This bill was filed to restrain the collection of the same. Leaving these assets out of view altogether, the sum that would be raised by this tax is grossly in excess of any sum which the defendants have shown is required for every purpose actually contemplated by them to which the building fund can be devoted. It is claimed that it is needed to pay debts, but the defendants when called for cross-examination were unable to specify the indebtedness which could legally be paid out of this fund, and some of them admitted that it was to be used, in large part at least, for purposes to which it could not be legally devoted. Such being the case the assets above referred to are not to be left out of view in determining as to the necessity for this special tax. The allegation of the answer that they " are not due under the building tax and cannot be used for such purposes " is, evidently, a conclusion of law and is erroneous : German Township School Dist. v. Sangston, 74 Pa. 454. Although legislative authority be given to impose a tax for a certain purpose, yet if the tax levied be clearly in excess of the sum re-

quired for that purpose, its collection may be enjoined: St. Clair School Board's Appeal, 74 Pa. 252. In determining that question, collectible assets legally applicable to the purpose are not to be disregarded. " When levied as a building tax it must be used in good faith for that purpose alone. Although in form it may be levied for that purpose, yet, if in fact there is no expectation or intention of so using the greater portion thereof, such excess is without authority of law: " Conners's Appeal, 103 Pa. 356. Upon a view of all the facts now presented, chiefly in the testimony of the defendants themselves, we are of opinion that the case fairly comes within this principle, and that the learned judge was clearly warranted in granting the motion to continue the injunction. As this was not a final decree we do not deem it necessary or advisable to discuss the case further at this time.

Order affirmed and appeal dismissed at the costs of the appellants.