# Arlington Seating Company, Appellant, *v.* New Philadelphia School District.

Argued November 27, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. O. Bechtel,* with him *Joseph G. Seesholtz,* for appellant.

*Leighton C. Scott,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 7, 1935:

Plaintiff recovered a judgment in the court below against defendant school district in the sum of $3,350 for the purchase price of goods sold and delivered to it. The judgment not being paid, a mandamus execution was issued and became absolute. When this did not bring about payment, a rule was issued to show cause why the directors of the school district and its treasurer should not be adjudged in contempt. The rule was discharged. From this action plaintiff appeals.

The proceeding was brought under the Act of May 18, 1911, P. L. 309, article V, section 514, 24 P. S., section 365, which provides: "The plaintiff in any such judgment shall petition the court of common pleas in which such judgment was obtained, . . . whereupon the said court shall issue a writ in the nature of a mandamus execution, directed to the directors and treasurer of the school district against which such judgment was obtained, commanding them to pay the amount of such judgment, together with interest and costs, out of any unappropriated funds of such school district, and in case there be no unappropriated funds of such school district, then out of the first funds that shall be received by said school district, and the said court may enforce obedience to such writ by attachment on proper cause being shown."

No testimony was taken. From the petition and answer we gather that there are judgments of record against the school district amounting to $79,471.97, upon some of which mandamus executions have been issued; claims pending for unpaid salaries of teachers, janitors and officers amounting to $8,584.92; a temporary loan of $30,000 and bonds outstanding to the amount of $75,000, upon which interest is in arrear. The respondents aver that there are no unappropriated funds out of which plaintiff's judgment can be paid. They further allege that they are not responsible for the present financial condition of

the district; but that their predecessors who were ousted from office by the court are responsible therefor. Respondents state that they have no money with which to pay the judgment and will not have any with which to pay it during the school term 1933-4, because all the money which will be received will be needed to pay the operating expenses of the district in order to keep the schools open. They set forth that they have levied the maximum amount of taxes which they are authorized by law to levy and that the amount which will be produced therefrom will be insufficient to pay the current expenses of keeping the schools open and the amount required to be paid on the bonded indebtedness.

On the facts shown the court was unwilling to adjudge the respondents in contempt, in its opinion stating, "They [the directors] are required by law to keep the schools open for a term of eight months. They have levied all the taxes they are authorized to levy and the total amount will be required to keep the schools in operation and to make the required payments on bonded indebtedness. If respondents were compelled to pay the judgment in question, then they should also be compelled to pay every other judgment against the school district. The inevitable result would be the closing of the schools for a period of years while all of the tax money would go in discharge of prior debts. Such a course is obviously unthinkable." The court cited in support of its conclusion O'Donnell v. Cass School Dist., 133 Pa. 162, and German Twp. School Dist. v. Sangston, 74 Pa. 454.

Under the situation which exists we are not prepared to say that the judgment exercised by the learned judge of the court below was erroneous.

The order is affirmed at the cost of the school district without prejudice to plaintiff's right to take such other proceedings to realize on its judgment as it may deem proper.