## City of Philadelphia, to use, v. School District of Philadelphia

*Lester S. Hecht*, for plaintiff.

*Edward Soken*, for defendant.

SLOANE, J., December 11, 1940.—The question before us is the validity of a writ of mandamus execution issued against a school district under the School Code of May 18, 1911, P. L. 309, sec. 514, 24 PS §365, to enforce a judgment entered under the Municipal Lien Act of May 16, 1923, P. L. 207, as amended, 53 PS §2021 et seq.

Ernest Di Sandro, pursuant to a contract with the City of Philadelphia authorized by an ordinance of council approved October 21, 1937, constructed a sewer in front of a public school building. The price charged for the work, $237.12, was assessed against the premises and the contractor was authorized to collect the assessment to his own use. He assigned the claim to Lewis Bokser, who in turn assigned it to the City National Bank of Philadelphia. Written notice of an intention to file a claim, unless the amount due was paid within one month from the date of service of notice, was served on defendant on November 17, 1939.

More than a month after the service of the notice, the City National Bank filed a claim for the amount due and a writ of scire facias sur municipal claim was issued under the Act of 1923, supra, providing for the assessment and collection of municipal claims. Defendant filed an affidavit of defense raising questions of law. Thereupon, the use-plaintiff entered a rule for judgment for want of a sufficient affidavit of defense.

We made the rule absolute and, in Philadelphia, to use, v. School District of Phila., 40 D. & C. 47, validated the municipal assessment against defendant. In that opinion, we held that the Act of 1923, supra, specifically authorized, for certain purposes, a municipal assessment against a school district; that the exemption against such assessments codified in the School Code of 1911, supra, sec. 631, was modified by the Act of 1923, supra; that the title of the Act of 1923, supra, is not defective under the Pennsylvania Constitution, and that any problems of execution, which we expressly left undecided, could not prevent the levy of the assessment since it was specifically authorized by the legislature.

Following a suggestion in our opinion, use-plaintiff issued a writ of mandamus execution under section 514 of the School Code of 1911, supra, to enforce its judgment against defendant. Thereupon, defendant petitioned for a rule to show cause why the writ should not be quashed.

The school district defendant contends that a mandamus execution issued under the School Code applies only to personal judgments, whereas the judgment entered under the Act of 1923 is de terris.

Under section 23 of the Act of 1923, "All judgments for the plaintiff . . . shall be de terris only, and shall be recovered out of the property bound by lien, and not otherwise . . ." And under section 28, "Execution upon any judgment recovered upon any . . . claim [under this act], except where the property named is essential to the business of a quasi public corporation, shall be by writ of levari facias . . ."

It is, therefore, apparent that the method of execution, provided generally by the above act, would be of no avail in the present situation. Public welfare makes it unthinkable that public schools be embarrassed or impeded by execution against or seizure of their property.

"When a judgment is obtained against a school district, an execution cannot be issued for the seizure and sale of its real and personal estates, for this would take from it the schoolhouses, books, and furniture necessary to the maintenance of the schools, and defeat the very purposes for which the district is organized": O'Donnell v. School District of Cass Twp., 133 Pa. 162, 165; see also Arlington Seating Co. v. New Philadelphia School Dist., 317 Pa. 179, 181, and Monaghan v. Philadelphia, 28 Pa. 207.

If that were the end, satisfaction of a judgment such as use-plaintiff has against the school district could not be had. But that is not the end, for the legislature has provided a present method and means of satisfying a judgment against any school district—by writ of mandamus execution, and from "unappropriated" or "first funds."

Use-plaintiff has issued such a writ. Section 514 of the School Code provides:

"If any judgment is obtained against any school district in this Commonwealth, and the same is not paid as

required, then, in such case, the same may be collected as follows and not otherwise:

"The plaintiff in any such judgment shall petition the court of common pleas in which such judgment was obtained, or in which any transcript of a judgment obtained against any school district before any magistrate, alderman, or justice of the peace, is filed, whereupon the said court shall issue a writ in the nature of a mandamus execution, directed to the directors and treasurer of the school district against which such judgment was obtained, commanding them to pay the amount of such judgment, together with interest and costs, out of any unappropriated funds of such school district, and in case there be no unappropriated funds of such school district, then out of the first funds that shall be received by said school district, and the said court may enforce obedience to such writ by attachment on proper cause being shown."

Defendant contends that this provision does not apply to a judgment de terris. To this we cannot agree. The language of the statute is clear that a mandamus execution may be used on "any judgment." The legislature made no distinction between a judgment in personam and a judgment in rem, and the usual definition of the term connotes no such distinction. A judgment has been variously defined as the conclusion or final determination of the court upon the matter before it: 1 Freeman on Judgments (5th ed.), sec. 2; 2 Bouvier's Law Dictionary (3rd ed.), p. 1718. Such definition applies to a judgment in rem as well as to a judgment in personam. The mere use of the term judgment does not imply a personal judgment. It includes within its meaning all types of final judgments, no matter what the nature of the proceeding.

If use-plaintiff is denied the use of the writ provided in this act, it will not be able to execute on its judgment at all. We have said the writ of execution provided in the Act of 1923 is not available against a school district. It would be unreasonable, therefore, to interpret the School Code of 1911 as not including the present judgment, when

its entry against the school district was specifically authorized by the Act of 1923. The legislature could not have contemplated such an impractical or unreasonable result. See the Statutory Construction Act of May 28, 1937, P. L. 1019, 1024, 46 PS §552.

We, of course, recognize that the Act of 1923 was intended as "a complete and exclusive system in itself, so far as relates to tax and municipal claims, except as hereinbefore set forth": sec. 41; and that "All judgments for the plaintiff . . . shall be de terris only, and shall be recovered out of the property bound by lien, and not otherwise": sec. 23. However, the method of execution provided by the School Code of 1911 for *all* judgments recovered against a school district is also declared therein to be exclusive.

The Statutory Construction Act of 1937, supra, sec. 63, provides that:

"Whenever a general provision in a law shall be in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the Legislature that such general provision shall prevail."

In view of the particular circumstances of the present situation, we cannot say that it was the manifest intent of the legislature that the general provisions of the Act of 1923 should prevail over the special method of execution provided in the School Code of 1911. On the contrary, as we have stated above, such interpretation would produce an unreasonable result. Thus, in Wilkinsburg Borough v. School District, 298 Pa. 193, the court held that a municipality need not file an affidavit of defense to a municipal claim under the Act of 1923, which requires such pleading generally, because of the express exception of municipalities from such requirement under the Prac-

tice Act of May 14, 1915, P. L. 483, as amended by the Act of May 3, 1917, P. L. 149, and the Act of March 10, 1921, P. L. 16, 12 PS §411. In so holding, the court said (p. 201) :

"Though the Act of 1923 in turn repeals legislation in conflict with its general terms, it may be said that such general statute without negative words, though containing a clause repealing all laws inconsistent therewith, cannot operate to set aside a previous statute which is particular, even though the provisions of the one are different from the other: Com. v. P. & E. R. R., 164 Pa. 252. It is against reason to suppose that the legislature, in framing a general system for the collection of municipal claims throughout the State, intended to repeal an act passed to meet special circumstances, or having a special object in view: Brown v. County Commissioners, 21 Pa. 37; Endlich on Interpretation of Statutes, pages 223, 303."

It would be illogical to expect that the legislature, in providing a general system for the collection of municipal claims throughout the State, intended to authorize the entry of an unenforceable judgment, or to abrogate the long-established statutory method of execution on judgments against school districts.

Pittsburgh v. Sterrett Subdistrict School, 204 Pa. 635, does not conflict with our decision. It was there held that a municipal assessment could not be levied against a school district because there was no express statutory authorization for such assessment. But that case was decided before the passage of the Act of 1923. That the court in reaching its decision relied in part on the fact that the writ of levari facias provided in the then existing act was the only remedy permitted by such act and could not be used against a school district is not controlling here. That portion of the opinion was dictum and formed no part of the decision. Also, it must be considered in the light of the circumstances existing at the time, namely, the failure of the legislature in the applicable statute to

authorize a municipal assessment against a school district.

The rule to quash the writ of mandamus execution is discharged.