## Monaghan *versus* The City of Philadelphia.

A municipal corporation cannot appeal from an award of arbitrators without the affidavit being made in its behalf, that the appeal is not entered for the purpose of delay, but because injustice is firmly believed to have been done.

A *fi. fa.* in the ordinary form cannot issue upon a judgment against the city of Philadelphia, the writ must be a *mandamus* execution, under the Act of 15 April, 1836.

Such writ must be directed to the city treasurer, who is the custodian of the money of the corporation.

Payment upon such a writ issued by a court of competent authority, would be a sufficient voucher for the treasurer, even though councils had not made any appropriation for such payment.

CERTIFICATE to the Court of Nisi Prius.

This was an action on the case brought by Thomas Monaghan, originally against the District of Richmond, in which the City of Philadelphia was substituted as defendant after the passage of the

Consolidation Act. The cause was referred to arbitrators, the rule having been entered by the plaintiff, and an award was made in favour of Monaghan for five hundred dollars, on the 12th March, 1856. An appeal was entered on the 1st of April succeeding, and costs paid, but no affidavit was made or recognisance entered into. Notwithstanding the appeal, the plaintiff issued a *fieri facias* to January Term, 1857.

A rule was entered at the instance of defendant to show cause why this execution should not be set aside. This rule was argued before Mr. Justice KNOX on the 29th December, 1856, and the same was discharged by the court.

The defendants caused the record to be certified to the court in banc, and assigned for error, 1st; That an appeal from the award of arbitrators has been properly entered in said cause, and that said appeal was still pending and undetermined.

2d, That the execution was not in proper form, the defendant being a municipal corporation, and that it should have been a *mandamus* execution under the Act of Assembly in such case provided.

*G. L. Ashmead* and *W. A. Porter*, for plaintiff in error.

———— ————, for defendant in error.

The opinion of the court was delivered by

KNOX, J.—On the 12th of March, 1856, Thomas Monaghan obtained an award of arbitrators in his favour against the city of Philadelphia for the sum of five hundred dollars. On the 1st of April, 1856, the city appealed from the award, paid the costs, but entered into no recognisance, nor was an affidavit made on her behalf that the appeal was not for delay, but because injustice was believed to have been done. Subsequently a *fi. fa.* was issued, and a rule was taken to set it aside. The rule was heard before me at Nisi Prius. Upon the hearing I dismissed the appeal because no affidavit was made, and refused to set aside the *fi. fa.* in order that both of the questions presented might be reviewed by the court in banc.

The questions are, 1st. Can a municipal corporation appeal from an award of arbitrators without an oath or affirmation being made in its behalf, that " the appeal is not entered for the purpose of delay, but because injustice is firmly believed to have been done ?"

2d. Can a *fi. fa.* in the ordinary form issue upon a judgment against the city of Philadelphia, or must the writ be a *mandamus* execution under the Act of 15th April, 1834?

The first question was correctly decided at Nisi Prius. The requisites for an appeal from an award of arbitrators under the Act of 16th June, 1836, are the oath or affirmation, the

[Monaghan v. The City of Philadelphia.]

payment of costs, and entering into recognisance within twenty days after the day of the entry of the award upon the docket.

It is however provided by the 31st section of the act aforesaid, " That in all cases in which executors, administrators, or other persons suing or sued in a representative character, or minors, shall be the party appellant from an award, the appeal shall be good without the payment of costs or entering into recognisance, if such appellant shall not have taken out the rule of reference."

In the case of Robinson v. Jefferson County, 6 *W. & S.* 16, it was held that municipal corporations were within the provisions of this section, and that therefore a county might appeal without payment of costs. But there is nothing in the section referred to which exempts those " suing or being sued in a representative character" from the necessity of making the oath or affirmation required by the previous section of the same act; and accordingly it was held in McConnel v. Morton, 1 *Jones* 398, that an administrator could not appeal from an award without making oath or affirmation in conformity with the statutory requirement. The suggestion in the argument that the agents or attorneys of a corporation ought not to be required to make the oath or affirmation, affords no reason for setting aside the plain letter of the statute, and besides it is believed that there is but little, if any, real difficulty in the matter. Before an appeal is taken or desired to be taken from an award of arbitrators against a municipal corporation, the character of the claim and the nature and extent of the defence should be understood, and if injustice is really believed to have been done by the award, no false delicacy should prevent some one of the agents of the corporation from making the oath or affirmation, and thus prevent the injustice from being consummated. But if no one acting for the corporation can safely swear that he firmly believes injustice has been done, the award ought to stand and the litigation cease. There was no error in dismissing the appeal; but can the *fi. fa.* be sustained? The members of this court, who were present at the argument, all agree that it cannot.

The Act of 15th June, 1834, provides a mode for enforcing the payment of judgments against counties and townships; and although cities are not expressly named, yet they are clearly within the spirit of the act. Besides which, by the Consolidation Act the municipality of Philadelphia is to be considered both as a city and county. It is true the commissioners are not the financial officers of the consolidated city and county, and hence the mandatory writ issued to them would be useless and nugatory. But this difficulty is not an insurmountable one. The city treasurer is the custodian of the moneys belonging to the city, and it is his duty under the law to pay the creditors of the city. The manner of making the payments and of vouching the debt to be paid is

regulated by the statute; but no statutory regulation or appropriation by the city councils can give a higher sanction to the liquidation of a debt than the judgment of a court of justice in pursuance of law, that the debt is due and must be paid. The command of the mandatory writ is in the words of the statute "to cause the amount of the judgment with the interest and costs to be paid to the party entitled to the benefit of such judgment, out of any moneys unappropriated of such county, or if there be no such moneys out of the first moneys that shall be received for the use of such county." If this command is disregarded, it may be enforced by attachment.

Ordinarily the only means that a municipal corporation has for the payment of its liabilities is the power of taxation; and to this power must its creditors look for payment rather than to the real or personal estate of the corporation which it may possess. It is very clear that none of the property of a municipal corporation, whether real or personal, necessary to the corporation for governmental purposes, could be seized and sold even if the usual process for collecting a judgment could issue against such corporation. The provision for a mandatory writ is therefore highly beneficial to the creditor, as it affords him a plain, simple, and ready means of enforcing payment, whilst at the same time it protects the public from the danger of loss arising from forced sales of such property as might be levied and sold. The theory of the law is that no claims should exist against a municipal corporation other than such as could be readily met through the power of taxation. Where unfortunately the current expenditures exceed the current income and all cannot be promptly paid, to the vigilant must be given the first products of the treasury.

We are of the opinion that a *fi. fa.* cannot be legally issued on a judgment against the city of Philadelphia, and that the proper writ is the one provided by the 6th section of the Act of 15th April, 1834, which should be issued to the city treasurer, whose duty it is to pay the judgments in the order in which the writs are served upon him, out of any unappropriated moneys in his hands belonging to the city, and if there is none such at the time of the service of the writ, out of the first moneys that shall come to his hands. And we are further of opinion that the command of the writ must be obeyed by the city treasurer, whether councils have or have not made an appropriation for the payment of the judgment upon which the writ has issued.

The order of the Court of Nisi Prius dismissing the appeal is sustained, and it is further ordered that the writ of *fieri facias* issued upon this judgment be set aside at the costs of the plaintiff.