## Township of North Whitehall *versus* Keller.

| 100 | 105 |
|-----|-----|
| 142 | 123 |
| 100 | 105 |
| 31 SC [4] | 51 |

1. Where an attorney has a claim put into his hands for collection, he has not, as a general rule, power to compromise the claim.

2. *Semble*, that an implied power in such case to compromise the claim may result from its peculiar character and from the circumstances connected with it.

3. Where an attorney has, without authority, compromised a claim, the courts have power to relieve the client.

4. A., having obtained an award against a township for road damages, demanded the amount thereof from the supervisors. They declined to pay except on certain conditions, with which A. would not comply. A. thereupon employed an attorney, who brought suit for the claim. Pending the suit the supervisors offered a compromise to A.'s attorney, which he accepted, remarking, however, that he did not understand it, and that A. ought to be present. A., on hearing of the compromise, refused to ratify it, and the attorney thereupon tendered back to the supervisors the amount received, which they refused to accept. On the subsequent trial of the suit for the amount of the award, *Held*, that A. was not bound by the act of his attorney, and that defendant's case was entirely devoid of merit. *Held*, therefore, that plaintiff was entitled to recover the full amount of the award with interest, less the sum already received from the supervisors.

March 9th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Lehigh county:* Of January Term 1882, No 79.

Assumpsit, afterwards, by amendment, debt, by Joseph Keller against the Township of Whitehall, to recover the amount of an award of a road jury in his favor, with interest thereon.

The facts were as follows:—In April 1875, the report of viewers to lay out a road was confirmed absolutely in the Court of Quarter Sessions of Lehigh county, whereby the sum of $409 was awarded to Joseph Keller as damages. The supervisors afterwards had sufficient funds in hand to pay Keller, but declined to do so except upon some conditions as to a release with which Keller would not comply. This action was begun in June 1877 to recover the amount of the award with interest.

[Township of North Whitehall *v.* Keller.]

Pending the suit and before trial, on July 7, 1879, the supervisors and their counsel met the plaintiff's attorney, and offered to settle the case by paying the amount of the award, without interest, and $10 costs. After some discussion, his attorney accepted the offer, stating, however, that "Keller ought to be here, because they had some trouble about the release of the old road ; that he did not understand it, and the only thing he could do would be to take the $409, and give a receipt in full for that amount for road damages without interest." He thereupon received said amount, and $10 for costs, and gave this receipt :

"Rec'd July 7th 1879, of Thomas Shaffer and Reuben Yontz, Supervisors of North Whitehall Township, Four Hundred and Nine Dollars in full for road damages through lands of Joseph Keller, as per report of viewers, said road laid out in 1875–1876 or 1877.

$409.          "JOHN D. STILES, Att'y for Joseph Keller."

Keller was informed of this settlement but refused to ratify it, whereupon his attorney within a few days after the settlement tendered back the $419 to the supervisors, which they refused to accept.

The case was then put on the trial list, and on the trial, before ALBRIGHT, P. J., the above settlement having been put in evidence, the defendant submitted, inter alia, the following points :—

3. An attorney of record has a general authority to use his discretion in the settlement and compromise of a pending cause, and if, in the honest exercise of that discretion, he throws off the interest and receives the principal debt and costs of suit, such a compromise is binding on the client, whether he knew of it or not. *Answer.*—So far as applicable to this case, the proposition here is negatived.

5. The receipt signed by counsel and the admission of record that the costs were paid by the defendant to plaintiff's counsel, and by him paid to the prothonotary, is prima facie evidence that all the matters and things in dispute in this action were formally settled and compromised. *Answer.*—Negatived.

6. That receipt is conclusive of this issue, unless it can be successfully overthrown by proof that it was given and obtained through fraud, accident or mistake. *Answer.*—Negatived.

The court charged the jury, inter alia :

"I instruct you, gentlemen, that Mr. Keller's counsel had no authority to remit the interest which his client was entitled to upon this claim. And all this evidence as to the misunderstanding and the alleged misrepresentation, fraud and mistakes

that occurred in regard to this matter, you need concern your-
selves nothing about. I have stated to you that the attorney
here had no right to remit this interest. But I am of the opin-
ion that he had a right to receive payment on account . . . .
In this case, in addition to the $409 paid to Mr. Stiles, the
defendant paid $10 costs, and it occurs to me that the proper
way to regard that payment is to regard it as a payment of
$419, by the defendant to the plaintiff."

Verdict and judgment for the plaintiff for $63.62, being
the interest on the award from its confirmation. The defend-
ant took this writ of error, assigning for error the answers to its
points as above, and the portion of the charge quoted.

*Edward Harvey*, for the plaintiff in error.—In Pennsyl-
vania the scope of an attorney-at-law's authority is very exten-
sive: it includes the right to confess judgment in a pending
action and to waive an appeal; to stay execution on a judgment
on the entering of security ; and to compromise and settle the
suit. If he acts in disregard of instructions, the client's remedy is
an action against him : Lynch *v.* Cmmonwealth, 16 S. & R. 368 ;
Wilson *v.* Young, 9 Barr 102 ; Babb *v.* Stromberg, 2 Harris
327 ; Bingham's Trustees *p.* Guthrie, 7 Harris 418 ; Silvis *v.*
Ely, 3 W. & S. 420 ; Mackey's Heirs *v.* Adair, 39 Leg. Int. 34 ;
Kirk's Appeal, 6 Norris, 243 ; Huston *v.* Mitchell, 14 S. &
R. 307 ; Dodds *v.* Dodds, 9 Barr 316 ; Jackson *v.* Roddy,
2 Pitts. L. J. 183 ; Swinfen *v.* Swinfen, 18 C. B. 485 ; Chown
*v.* Parrot, 14 C. B. n. s. 74; Prestwich *v.* Poley, 18 C. B.
n. s. 806. It has been said that the power of an attorney to
compromise, ceases after the claim has been liquidated in
judgment, but the authorities are not uniform on this point:
see McDonald *v.* Todd, 1 Grant 17; Silvis *v.* Ely, 3 W. & S.
420 ; Scott *v.* Seiler, 5 Watts 235; Butler *v.* Knight, L. R.
2 Exch. 109 ; Ewell's Evans on Agency 185 ; Wharton Agency,
§ 595. But even if such were the law, the award of a road
jury is not a liquidated judgment ; it is an assessment of
damages not payable until the road is opened, and is merely
the initial step in a statutory proceeding which may or may
not result in fixing a liability on the township. The claimant
cannot have a mandamus in the Quarter Sessions to enforce pay-
ment : Collins's Case 2 Grant, 214. Instructions to collect an
award by suit, vest in the attorney as much discretion in se-
lecting and prosecuting the remedy as in the case of his em-
ployment to collect a bond.

*Evan Holben* (*Harry G. Stiles* with him), for the defendant in
error.—The confirmation of an award of damages by a road
jury is final judgment, which bears interest, and which can be

[Township of North Whitehall *v.* Keller.]

enforced by mandamus : In re Sedgley Avenue, 7 W. N. C. 1. The attorney, therefore, has no right to sell or compromise such judgment without his client's express assent, and such a compromise is not binding on the latter, and will be relieved against by the court : 1 Parsons on Contracts 117 ; Tompkins *v.* Woodford, 1 Barr 158 ; Campbell's Appeal, 5 Casey 401 ; Rowland *v.* Slate, 8 P. F. S. 196.

Mr Justice Gordon delivered the opinion of the court, March 27th 1882.

The only question in this case is the one involving the power of an attorney at law to give an acquittance in full of his client's claim against a debtor, on receipt of part only of that claim. We readily admit all that has been said as to the very general authority conferred upon attorneys at law in the conduct of suits ; their power of reference, to confess judgments and control executions. But there is a limit to this power ; it is created for specific, not general purposes. When a claim is put into the hands of an attorney for collection, without further instruction, it is generally understood to be for the purpose of having it enforced by legal process, and it is not presumed that the attorney either can or will, without process, compromise and settle it on such terms as either his judgment or caprice may dictate. We do not say that such power can never be exercised by the attorney, without express warrant from his client, for an implied power may result from the character of the claim requiring collection, and the circumstances connected with it. So, if on the trial of a case the attorney should consent to a judgment less than the amount due, a court would not ordinarily, in relief of the client, set aside such judgment. But in such case, in the conduct of a pending suit, the power of the attorney to direct and control it is undoubted. Nevertheless, even in the example when the act of the attorney has been obviously wrong, and where the rights of the client have been seriously compromised, the court, notwithstanding the judgment, ought to grant relief. Marshall, C. J., in Holker *v.* Parker, 7 Cranch 452. Compromises by attorneys, in the absence of and without the assent of their clients, are not looked upon with favor, though, as was said in the case just cited, where the compromise is reasonable and fair a court will not disturb it. Still it remains, as was said by Mr. Justice Woodward, in Stokely *v.* Robinson, 10 Cas. 315, that "the principle is that the compromise, being an unauthorized act, is void," and this, though it may assume the form of an award. To a like effect are the cases of Huston *v.* Mitchell, 14 S. & R. 307, and Stackhouse *v.* O'Hara's Ex'rs, 2 Har. 88, in both of which cases the attorneys had agreed to take land in satisfaction of the debts of their clients. But it is useless to

multiply authorities, for each case must be controlled, more or less, by its own peculiar circumstances, and it is not possible to express in a general rule that which will embrace all cases. It is enough for the present contention that courts have power to relieve clients from the unwarranted acts of their attorneys.

It can hardly be said that Keller was, by his attorney, compromised out of the interest due him on his claim against the township of North Whitehall, for there was nothing on which to base a compromise. The confirmation of the award of damages was a final judgment, and bore interest of course; the pending action is but part of an execution process to enforce payment, a result that might have been accomplished by mandamus from the Quarter Sessions. In re Sedgely Avenue, 7 W. N. C. 1.

There being, then, nothing to compromise, we need hardly say that the attorney had no power, of his own motion, to remit part of his client's judgment without pretence of equivalent; an attorney cannot thus give away his client's property. More than this, the defendant is utterly without equity. The supervisors knew that Mr. Stiles was acting without his client and with hesitation; saying to them that he did not understand the matter and that Keller ought to be present to sign the receipt. Furthermore, a day or two after the payment, Stiles, having ascertained that his client refused to ratify what he had done, made a re-tender of the money, which the counsel for the defendant and its officers refused to accept. There was thus an effort made by the plaintiff's attorney to restore the defendant to the same position which it occupied when payment was made, and that this effort was not successful resulted from no default of the plaintiff, but from the refusal of the agents of the defendant to accept the offer thus made to them. We are thus brought to the conclusion that in the rulings of the court below, there has been no departure from the principles of either law or equity.

The judgment is affirmed.