# King *v.* Brown, Appellant.

*Road law—Award of viewers—Interest on award.*

Interest runs against a municipal corporation on an award of viewers for damages for the grading and paving of a street from the date of the confirmation of the award.

Argued April 9, 1906.    Appeal, No. ʻ18, April T., 1906, by defendant, from order of C. P. No. 3, Allegheny Co., May T., 1905, No. 478, sustaining demurrer to return of writ of alternative mandamus in case of Charlotte S. King v. James Brown. Before Rice, P. J., Porter, Henderson, Morrison and Head, JJ.    Affirmed.

Petition for mandamus.

Demurrer to return.

From the record it appears that plaintiff was awarded damages for the grading and paving of a street by a jury of view, and that the award was confirmed by the court on May 28, 1904. On January 17, 1905, demand was made on defendant's city controller for a warrant for the amount of the award and interest thereon.    On the controller refusing the interest, the petition for the writ of mandamus was filed.

*Error assigned* was the order sustaining the demurrer to the returns.

*Craig Smith,* for appellant.—The rule laid down by the Supreme Court of Pennsylvania in the case of Friend v. Pittsburg, 131 Pa. 305, that a municipal corporation is not bound to seek out its creditor and tender the money due him in order to stop interest, seems so sound and reasonable, that it ought to prevail in the present case.

*C. C. Dickey,* of *Shiras & Dickey,* for appellee.—Interest ran on the award : Com. v. Vanderslice, 8 S. & R. 452; Shaller v. Brand, 6 Binn. 435; Philadelphia v. Dyer, 41 Pa. 463; Miskey v. Philadelphia, 68 Pa. 48; Norris v. Philadelphia, 70 Pa. 332;

Sedgeley Avenue, 88 Pa. 509; Second Avenue, 7 Pa. Superior Ct. 62.

PER CURIAM, May 14, 1906:

In Pennsylvania interest is a legal incident to a judgment for money: Commonwealth v. Vanderslice, 8 S. & R. 452; Shaller v. Brand, 6 Binney, 435; Wither's Appeal, 16 Pa. 151; Act of 1700, 1 Sm. L. 7. This is the general rule, and it has not been shown to us that a judgment against a municipal corporation is an exception to it, or that proof that the corporation has provided the funds to pay it will prevent the running of interest until demand be made.

The case of Friend v. Pittsburg, 131 Pa. 305, upon which the appellant's counsel relies, does not deal with that precise question, and cannot be said to rule it either directly or inferentially. In several cases the question of the liability of municipal corporations for interest upon viewers awards of damages to property owners has been considered, and it has been held, generally, that they bear interest from the date of confirmation absolute, the theory being that this is a judgment: Philadelphia v. Dyer, 41 Pa. 463; North Whitehall Twp. v. Keller, 100 Pa. 105; Second Avenue in the Boro. of Conshohocken, 7 Pa. Superior Ct. 62. See also Miskey v. Philadelphia, 68 Pa. 48; Philadelphia v. Miskey, 68 Pa. 49; Norris v. Philadelphia, 70 Pa. 332; Sedgeley Avenue, 88 Pa. 509. The case of Stewart v. County of Philadelphia, 2 Pa. 340, is plainly distinguishable and not an authority which controls in a case like the present, as was pointed out by Justice STRONG in Philadelphia v. Dyer, and by Justice SHARSWOOD in the Miskey cases. The inconvenience of seeking the person to whom the damages have been awarded, which this rule puts the corporation to, is not greater than in the case of an ordinary judgment, and we can discover no substantial ground upon which a reasonable distinction between the two kinds of judgments can be based. We may add that it is not alleged in the present case that there were any special circumstances which made payment of the award difficult, or more inconvenient than if it had been a judgment obtained in a common-law action.

Judgment affirmed.