# Marlin *v.* Indiana Borough, Appellant.

*Road law—Damages—Borough—Mandamus—Parties.*

Where damages are assessed against a borough for opening a street, and the report of the viewers is confirmed, such confirmation is a final judgment, and will sustain a mandamus to compel the payment of the damages.

Where a petition for mandamus is presented by the heirs of a person in whose favor road damages have been assessed, and by the assignee of such person, and the petition is dismissed because of the improper joinder of the heirs, such dismissal will not prevent the assignee from presenting another petition for mandamus to compel the payment of the damages.

Argued May 4, 1915. Appeal, No. 160, April T., 1915, by defendant, from order of Q. S. Indiana Co., June Sessions, 1907, No. 16, awarding mandamus in case of R. T. Marlin, Administrator d. b. n. of the Estate of Mary Ann Reed v. Indiana Borough. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Petition for mandamus. Before TELFORD, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order awarding mandamus.

*D. B. Taylor,* with him *John S. Taylor,* for appellant, cited: O'Donnell v. Cass Twp. School Dist., 133 Pa. 162; Conyngham v. Walter, 95 Pa. 85; Pringle Street, 167 Pa. 646.

*David Blair,* for appellee, cited: Phœnix Iron Co. v. Com., 113 Pa. 563.

OPINION BY PORTER, J., December 13, 1915:
This is an appeal from the order of the court below awarding a peremptory mandamus, for the collection

from the defendant borough of the damages awarded by a board of viewers, for the opening of a street through the lands of the decedent. The appellant thus states the questions involved: "1—Whether there is anything in the report of viewers or in the confirmation thereof by the court to sustain the mandamus." "2—Whether writ of mandamus execution can issue when there is no judgment of record." And "3—Whether the dismissal of the petition of July 1, 1907, and entry of judgment in favor of the defendant is a bar to the petition of March 3, 1913."

The learned counsel representing the borough, the appellant, concedes in his argument that a board of viewers was duly appointed, upon the petition of the borough, to assess the damages for the opening of the street in question, that the street was laid out through the lands of Mary Ann Reed and that the board of viewers by its report awarded her three hundred ($300.00) dollars damages, which report was confirmed absolutely on June 9, 1883. The borough did not appeal from that decree of confirmation and has permitted it to stand unquestioned. We have, therefore, a judicial ascertainment, in the manner provided by law, that Mary Ann Reed, since deceased, was entitled to receive from the borough a specific amount of money. When the report of viewers was confirmed by the court this was a final judgment and the liability of the borough was absolutely fixed thereby: In re Sedgley Avenue, 88 Pa. 509; Whitehall Township v. Keller, 100 Pa. 105; Moravian Seminary v. Bethlehem, 153 Pa. 583. The first and second questions involved must, therefore, be determined adversely to the contention of the appellant.

The third question involved arises out of the fact that the present appellee had in 1907 joined with certain other parties, the latter of whom claimed that they were entitled to these damages because of an assignment executed by the heirs of Mary Ann Reed, deceased. The court had in that earlier proceeding, properly held that

the right to these damages did not pass to the heirs of Mary Ann Reed but must be collected by her administrator and that the assignees of the heirs were improperly joined in the petition for a writ of mandamus execution.   The court below, therefore, held, upon the authority of Sedden v. McBride, 210 Pa. 429, that as some of the parties joining in the petition for the writ had no right to it, the writ must be refused as to all.   This was not a decision that the borough did not owe the money, but as clearly appears from the opinion of the court, the writ was refused upon the sole ground that the assignees of the heirs had been improperly joined in the petition. The dismissal of the petition of July 1, 1907, upon such grounds, did not constitute a bar to this subsequent petition by the administrator of Mary Ann Reed, deceased, alone.

The report of viewers was confirmed in 1883.   The petitioner presented ample evidence to justify the finding of the court below that the damages had never been paid, and thus rebutted the presumption arising from lapse of time.   This disposes of all the questions that were raised in the court below.

The order of the court below is affirmed.