# Opening of Parkway.

*Road law—Report of jury of view—Damages—Delay in payment —Interest on award—Execution—Mandamus—Amendment—Expiration of term of entry—Final judgment—Time for appeal.*

1. When a judgment has been obtained against a municipality, the city cannot, in subsequent proceedings to collect the adjudicated debt, enter defenses on the merits.

2. Mandamus for the payment of an award is a writ of execution; and a determinative order relating to execution is in character a judgment, which, when of a final nature, is appealable.

3. When an outstanding writ of execution is altered or interfered with in any final manner by the court from which it issued, if the immediate proceedings, leading to such action, is had on rule, or in other formal manner, with notice and opportunity to be heard given to the opposite party, the determination reached falls within the definition of a final judgment, and the party aggrieved need not move to set aside the order in question, but may appeal directly therefrom.

4. Where execution is issued, or subsequently altered, without a rule or other formal proceeding affording defendant an opportunity to be heard, proper practice requires that he promptly move the court below to set aside the execution or revoke the order complained of, before an appeal lies—this, in justice to the court of original jurisdiction and for the benefit of the appellate tribunal.. Even in such case, however, if enough appears upon the record to decide the dispute involved, it is not always essential to move the court below in the premises before taking an appeal.

A jury of view appointed in 1916 to assess damages for property taken in 1909, awarded the claimant, in 1918, a sum stated, "with compensation for delay in payment of the same at the rate of 6 per cent per annum from December 9, 1909." This was confirmed on September 13, 1918. Subsequently, on March 31, 1919, a mandamus was issued, which, instead of combining the principal amount with ascertained interest to date of confirmation, and commanding payment thereof, plus interest on the aggregate from that date to the day of payment, simply called for the principal sum of the award "with interest from December 9, 1909." The mandamus was presented to the city treasurer and marked "Presented for payment" on April 3, 1919. On May 20, 1919, claimant entered with proper notice a rule to amend the writ, so as to provide for the principal amount "with interest thereon at

the rate of 6 per cent per annum from December 9, 1909, to September 13, 1918, and interest on the aggregate total from September 13, 1918, to date of payment, together with costs." This rule was made absolute July 7, 1919, and the mandamus amended accordingly. On July 15, 1919, the city entered a rule to strike from the writ the amendatory words, alleging they changed the award. At the same time it moved for a rule to vacate the confirmation of the report, set aside the mandamus and allow an appeal nunc pro tunc, alleging as ground therefor that no deduction for rent had been allowed by the jury of view, as should have been done under a ruling by the Supreme Court made since the confirmation of the award. On January 22, 1920, the court entered orders discharging both of the city's rules. Thereupon the city took three appeals, alleging error in amending the mandamus, and in discharging the two rules.

*Held:* (a) That, while it would have been better for the jury to have added the principal amount of the award and compensation for delay in one sum, thus stating its award as a total, the method pursued in the amendment did not change the real character of the award.

(b) That the confirmation of the report invested the award with the character of a final judgment; and where no fraud or clerical error was shown, the quarter sessions could not be charged with error in having refused to disturb its judgment after the expiration of the term of entry, and, particularly, where the time for appeal also had expired.

(c) That the city should have appealed from the order permitting the amendment, within the time allowed for appeal—otherwise the statutory period could always be extended by entering a rule to set aside.

(d) That it was too late for the city, on the appeals actually taken by it, to raise questions as to the validity of the award, and its amendment, or as to the merits of the case.

6. In such a case to the extent that defendant's several motions involve facts outside the record, they were addressed to the discretion of the court below, and so far as they involve record facts or issues of law based thereon, they were passed upon and duly adjudicated when final action was had on the report of the board of view by confirmation, and on plaintiff's rule to amend by making it absolute; none of the matters thus determined will be inquired into again.

*Appeals—Practice, Supreme Court—Statement of question involved—Record not showing point was raised below.*

7. Where, on appeal, a point is not suggested by the statement of

1920.]                Syllabus—Assignment of Errors.

questions involved, and the record fails to indicate that it was raised in the court below, it will not be considered by the appellate court.

*Contract—Change by court without consent of parties—Mandamus—Endorsement by city solicitor.*

8. Endorsement of mandamus by city solicitor "interest on said writ is properly payable up to" a certain date, does not, it seems, make it, in addition to being a writ of execution, also a contract between the parties—which cannot be changed without their joint consent.

Argued March 25, 1920. Appeals, Nos. 264-6, Jan. T., 1920, by the City of Philadelphia, from orders and judgments of Q. S. Phila. Co., June T., 1916, Docket 64, page 450, in the Matter of the Opening of the unopened Portion of the Parkway between City Hall and Fairmount Park. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Appeals quashed.

Rule to amend mandamus. Before DAVIS, J.

Rule to strike off certain amendatory words from writ of mandamus.

Rule to vacate confirmation of award of viewers, and subsequent mandamus, and to allow an appeal nunc pro tunc.

The opinion of the Supreme Court states the facts.

The court made absolute the first rule and discharged the other two. The City of Philadelphia appealed. The appellee was a property owner.

*Errors assigned* were, on appeal No. 264, in making absolute the first rule; on appeal No. 265, in discharging the second rule; and in No. 266, in discharging the third rule.

*Haines D. Albright,* with him *Glenn C. Mead,* Assistant City Solicitors, and *David J. Smyth,* City Solicitor,

for appellant.—The confirmation of the award of a board of view is a judgment: In re Sedgeley Avenue, 88 Pa. 509.

The court's ratification and approval of the amendment of the writ of mandamus execution, which amendment introduced a change in the thing which the law required the city to do, so that the amount which it was ordered to pay was made a different amount from that which the confirmed award (judgment) required it to pay, was, in substance, an amendment of the judgment; and though the court below had the right to open up a way for the just and lawful alteration or reformation of the judgment, it had not the right to amend the judgment in a manner which ignored defendant's equitable set-off: Gump's App., 65 Pa. 476; William v. Le Bar, 2 Northampton Co. R. 274.

The original mandamus was an agreement between the parties: Clark v. Eckstein, 22 Pa. 507; Miller v. Gilleland, 19 Pa. 119; Neff v. Homer, 63 Pa. 327; Hartley & Co. v. Corboy, 150 Pa. 23.

*Joseph Neff Ewing* and *Prichard, Saul, Bayard & Evans,* for appellee, were not heard, but argued in their printed brief: This court will not entertain an appeal from an award of the board of view, which was approved by the appellant and confirmed by the quarter sessions 17 months before the appeal was taken; In re Sedgley Ave., 88 Pa. 509; Hall v. West Chester Pub. Co., 180 Pa. 561; Davidson v. Miller, 204 Pa. 223; Stroud's App., 109 Pa. 326; Harris v. Mercur, 202 Pa. 313; Schrenkeisen v. Kishbaugh, 162 Pa. 45; Brown v. Independent School District, 16 Atlantic Rep. 32.

An appeal does not lie from the refusal of the lower court to open a judgment legally and properly entered: Gump's App., 65 Pa. 476.

Interest ran on the aggregate total of an award of the board of view from the date of confirmation: Whitcomb v. Phila., 264 Pa. 277; North Whitehall Twp. v. Keller, 100 Pa. 105; King v. Brown, 31 Pa. Superior Ct. 50.

OPINION BY MR. JUSTICE MOSCHZISKER, April 19, 1920:

Claimant's property on the Parkway, Philadelphia, was condemned by the city under the right of eminent domain; the date of taking is conceded to be December 9, 1909, although jurors to assess damages were not designated until July 5, 1916. The board of view filed its report July 25, 1918, awarding, inter alia, $176,489 to plaintiff, with "compensation for delay in payment of the same at the rate of six per cent per annum from December 9, 1909." This adjudication of damages, while put in dual form, is really a single award, and, when confirmed, September 13, 1918, it was to all intents and purposes a judgment, which bore interest from that date on the aggregate involved; but the mandamus execution, ordered March 31, 1919, instead of combining the first mentioned amount with ascertained interest to date of confirmation, and commanding payment thereof, plus interest on the aggregate from that date to the day of payment, simply called for "$176,489 with interest from December 9, 1909."

The mandamus issued April 1, 1919; it was taken to the city treasurer on April 3, 1919, and stamped "Presented for Payment"; but, so far as we understand, has not as yet been actually collected. May 20, 1919, claimant duly entered a rule to amend the writ so as to provide for "$176,489, with interest thereon at the rate of six per cent per annum from December 9, 1909, to September 13, 1918, and interest on the aggregate total from September 13, 1918, to date of payment, together with costs"; this rule was made absolute July 7, 1919, and the mandamus amended accordingly.

On July 15, 1919, the city entered a rule to show cause why the amendatory words should not be stricken from the writ, alleging they "change, alter and reconstruct the award"; at the same time, it moved to, "vacate the confirmation of the viewers' report, set aside the mandamus, and allow an appeal nunc pro tunc. This latter rule is supported by a petition, averring in addition to the

facts hereinbefore stated, that, since the date of confirmation, the Supreme Court of Pennsylvania decided (Pa. Co. for Ins. on Lives, etc., v. Phila., 262 Pa. 439, 443,) a deduction of rent ought to be allowed against compensation for delay in all such cases; and that the award "in this particular case was for the full amount of the claim" without "any deduction" on account of "use and occupancy by the claimant since December 9, 1909."

On January 22, 1920, the court below entered orders discharging both of defendant's rules; whereupon the city took the three appeals now before us for consideration. The order amending the mandamus and the two orders just mentioned are assigned for error.

In support of the rulings attacked by the first and second assignments—the amendment of the mandamus and the refusal to reconsider that action—the court below correctly says it would have been better practice if the jury of view, after finding the value of the property (as of the date of the taking) and the compensation for delay, had mathematically calculated the latter, stating its award as a total; but, the opinion very properly adds, the method pursued does not change the real character of the award, and claimant occupies "the same position as if the case had been tried in the court of common pleas, in which event, the verdict being in favor of claimant for the amount of its claim, it would then be entitled to interest on the judgment from the date of the entry thereof to the date of payment": see Township of North Whitehall v. Keller, 100 Pa. 105, 109; King v. Brown, 31 Pa. Superior Ct. 50, 51.

As to the remaining assignment, the court below states, inter alia: "The confirmation of the report of the board of view invested the award with the character of a final judgment......; we are not convinced that, at this time, we would be justified in setting aside this solemn judgment, where there is no allegation of fraud

and the city has allowed the time for filing an appeal to expire"—all of which is obviously correct.

It is not necessary to discuss the merits of the case. Mandamus for the payment of an award is a writ of execution (Sedgeley Ave., 88 Pa. 509, 514; Township of North Whitehall v. Keller, 100 Pa. 105, 109; In re Kensington, etc., Turnpike Co., 97 Pa. 260, 270); and a determinative order relating to execution is in character a judgment, which, when of a final nature, is appealable: Sedgeley Ave., 88 Pa. 509, 511; Hibberd v. Delaware County, 1 Pa. Superior Ct. 204, 207. When an outstanding writ of execution is altered or interfered with in any final manner by the court from which it issued, if the immediate proceeding, leading to such action, is had on rule, or in other formal manner, with notice and opportunity to be heard given to the opponent (as in the present instance), the determination reached falls within the definition of a final judgment (Henry's Est., 28 Pa. Superior Ct. 541, 543), and the party aggrieved need not move to set aside the order in question, but may appeal directly therefrom.

Of course, where execution is issued, or subsequently altered, without a rule or other formal proceeding affording defendant an opportunity to be heard, proper practice requires that he promptly move the court below to set aside the execution or revoke the order complained of (Bailey v. Wagoner, 17 S. & R. 327), before an appeal lies—this, in justice to the court of original jurisdiction and for the benefit of the appellate tribunal. Even in such case, however, if enough appears upon the record to decide the dispute involved, it is not always essential to move the court below in the premises before taking an appeal: Duncan v. Harris, 17 S. & R. 436.

Here the amendment of the writ of mandamus was had on rule duly taken, with notice to defendant, an exception being entered when the rule was made absolute; and the city's subsequent motions raise no issue not de-

termined on claimant's prior rule. If dissatisfied, defendant should have appealed from the order permitting the amendment; for, in a case like this, where the whole dispute concerning such amendment was presented to the court on claimant's motion, if the date of the order discharging defendant's rule—to strike out the amendatory words—is considered as prolonging the time for appeal, then the statutory period could always be extended by the simple expedient of entering a rule to set aside, just before the expiration of six months from the date of the original order; which practice, it stands to reason, cannot prevail.

Again, the confirmation of the viewer's award of damages was a final judgment, subject to appeal (Sedgeley Ave., 88 Pa. 509, 514, 515; Township of North Whitehall v. Keller, 100 Pa. 105, 109; Marlin v. Indiana Boro., 61 Pa. Superior Ct. 519, 520), and, where no fraud, deception or clerical error is alleged, the quarter sessions cannot be held to have erred in refusing to disturb its judgment after the expiration of the term of entry (Kensington, etc., Turnpike Co., 97 Pa. 260, 272), particularly where the time for appeal also has expired.

To the extent that defendant's several motions involve facts outside the record, they were addressed to the discretion of the court below (RICE, P. J., in Stephens v. Addis, 19 Pa. Superior Ct. 185, 186-7), and so far as they involve record facts, or issues of law based thereon, they were passed upon and duly adjudicated when final action was had on the report of the board of view by confirmation, and on claimant's rule to amend by making it absolute; none of the matters thus determined will be inquired into again: Long v. Lebanon N. Bk., 211 Pa. 165, 167, 168.

When a judgment has been obtained against a municipality, it cannot in subsequent proceedings to collect the adjudicated debt, enter defense on the merits (Com. ex rel. v. Hinkson, 161 Pa. 266, 267); and this, in effect, is what defendant now desires to do. It attacks

the amendment of the mandamus as though the court below had thereby "altered and reconstructed" the original judgment, whereas it did nothing more than properly mould the execution to conform to such judgment. Defendant's whole case is avowedly an attempt to have the execution and judgment of confirmation set aside so that it may be afforded an opportunity to put in a defense on the merits, such as suggested by us in Pa. Cc. v. Phila., supra; which, we must assume, the city solicitor knew he had a right to present when the case was before the viewers. If defendant was denied such right at that time, it should have appealed, within the statutory period, from the judgment of confirmation; not having done this, it is now too late: Brown v. Independent School District, 1 Monaghan 111, and 16 Atlantic Reporter 32, 36.

Appellant's contention that the endorsement of the mandamus by the city solicitor—"interest upon said writ is properly payable up to this date, April 3, 1919, to be computed from the 9th day of December, 1909"— makes it, "in addition to being a writ of execution," also "a contract between the parties," which cannot be changed in any manner without the "consent of the city," does not impress us. Moreover, this point is not suggested by the statement of questions involved and the record fails to indicate it was raised in the court below; therefore, we shall not further consider it.

All three appeals are quashed.