Schlosberg et ux. *v.* City of New Castle, Appellant.

Argued April 21, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*Robert White,* City Solicitor, and with him *Wylie McCaslin,* for appellant.

*Charles R. Davis,* for appellee.

Opinion by Linn, J., July 10, 1930:

This appeal is from an order allowing mandamus-execution on the confirmed award of viewers in a change of grade proceeding. The only facts that we consider are those contained in the petition and in the answer filed pursuant to the rule to show cause. The petitioners owned land fronting on Williams Street in New Castle, a city of the third class. An ordinance authorized the grading of the street. The work was done. The city filed a petition for viewers who were appointed, performed their duties, filed a report in which, inter alia, they awarded to the present petitioners $671.70. No exceptions were filed to the report and no appeals were taken; on January 9, 1928 the city caused a decree of absolute confirmation to be entered.

The petition for the mandamus-execution, directed to the city treasurer, which was filed March 7, 1929 long after the term at which judgment had been entered for the confirmation of the award, set forth that demand had been made on the city treasurer for payment of the judgment, and that he had refused to pay.

To the rule to show cause, the city by its treasurer, answered that the street improvement was made pursuant to a petition of abutting property owners, including appellees, and that it was done on condition (stated in the petition for the improvement) that the subscribing property owners waived claims for damage and released the city from payment of damages resulting from the change of grade, and that appellees' release deprived them of the right to collect any damages, and that this defense could still be asserted at this stage of the proceeding.

The learned court below was of the opinion that the confirmation of the report was a judgment; that when the mandamus-execution was asked for, the time for appeal from the judgment had expired; that the alleged defense that the property owners had released

the right to damages should have been (if it was not) asserted before the judgment became final; that it was now too late and that petitioners were entitled to mandamus-execution.

From that order the city appealed, and, in the brief, states it now "relies on two issues alone—First: that if the report of the viewers was equivalent to a judgment the parties are estopped to have an execution on that judgment; Second: that the plaintiffs had no judgment and that therefore they are not entitled to any execution."

1. Was there a judgment? Appellant's contention that there was no judgment is based on the Act of June 27, 1913 P. L. 568, article 14, section 4, providing: "If any damages be awarded, and the report be confirmed by the said court, judgment shall be entered thereon, and, if the amount thereof be not paid within thirty days after the entry of such judgment, execution may then issue thereon, as in other cases it would, for the sum so awarded; but assessments of benefits shall be collected as hereinafter provided." It is said that though prior to the act of 1913, the confirmation of the award of the viewers was a final judgment on which execution might issue, (in re Sedgeley Avenue, 88 Pa. 509; Township of North Whitehall v. Keller, 100 Pa. 105; Marlin v. Borough, 61 Pa. Superior Ct. 519; In re Parkway; 267 Pa. 219) such confirmation is not a judgment since the act of 1913; that now "If any damages be awarded and the report be confirmed by the said court, judgment shall be entered therein......" We are of opinion that when such a report is confirmed absolutely as it was in this case, and that, when a minute of that confirmation is made on the records of the court, as here, such minute constitutes the entry of judgment thereon, satisfying the statute. That had been the practice for many years prior to the act of 1913 and was familiar to the legislature. No new

practice was established, requiring that, although confirmation had been ordered, and had been duly entered upon the records of the court, another or additional entry of judgment must be written on the record.

2. We come, then, to the question stated first by appellant, whether the parties [appellees], are estopped to have this execution on that judgment. The basis of mandamus-execution is of course a final judgment; it issues against a class of defendants against which no other method of execution has been provided. In procedure, it consists of a petition for a rule to show cause; the respondent may answer, or take any other appropriate step.

It is not the common law mandamus once provided by the Act of June 15, 1836, P. L. 622 (Commonwealth ex rel. v. Commissioners, 32 Pa. 218) and now by the Act of June 8, 1893, P. L. 345 and amendments which, in the proceedings below to quash the petition and alternative writ, both parties considered applicable. The distinction has been stated by the late Judge THAYER in Commonwealth ex rel. v. Philadelphia, 5 D. R. 222, as follows: ''The proceedings in this case disclose the existence of considerable confusion in the minds of some persons relative to the subject of writs of mandamus, and the distinction which exists between the office of such writs, properly so called, and that of the writs commonly called mandamus-executions issued in pursuance of the provisions of the Act of April 15, 1834, [P. L. 537, 536] directing the method of issuing execution upon judgments against municipalities. This act provides that where a judgment has been obtained against a municipality, the court shall issue a writ commanding the proper officer of the municipality to pay the amount of the judgment out of any unappropriated moneys on hand, or if there be none, then out of the first moneys that shall be received for the municipality, and to enforce the writ by attachment. The Act of 1834.

by its terms, gave this remedy only against counties and townships. The Act of April 2, 1860, extended it to boroughs; that of May 8, 1854, to school districts, and in Monaghan v. City of Phila., 28 Pa. 207, the Supreme Court held that cities also were within the meaning and operation of the Act, and the same point was ruled by the Circuit Court of the United States in Evans v. Pittsburgh, 3 Wall., Jr., 381. In the case of Wilson v. Huntingdon Co., 7 W. & S. 197, the Supreme Court also held that this remedy is exclusive of all others, and that no other mode of collecting judgments against municipalities can be resorted to. This writ is a judicial writ, issued only after final judgment obtained against a municipal corporation. On the other hand, the writ of mandamus provided for by the Act of June 8, 1893, Purd, 1287, the proceedings in which are regulated by the provisions of that statute, is the ancient prerogative writ of the Court of King's Bench applied to our methods of procedure. It is an original writ, of a most extensive remedial nature, directed to any person, corporation or inferior court of judicature, requiring them to do some particular thing therein specified, which, by law, ought to be done, and which the injured party hath a right to have done, and for which he hath no other specific remedy to compel the performance of. It is of such a high and exclusive nature, such great virtue, and so far reaching and omnipotent in its remedial beneficence, that, by a kind of poetic license, it was anciently called the flower of the Court of King's Bench, being allowable exclusively by that court, and being in its origin one of the noblest flowers of the royal prerogative.''

Under Monaghan v. the City, supra, it is clear that mandamus-execution is the proper method of collecting this judgment from appellant; see also O'Donnell v. School Districts of Cass, 133 Pa. 162 construing the Act of May 8, 1854 P. L. 621 providing for the collection of

judgments due by school districts in precisely the same language used in the Act of 1834; section 514 of the School Code, May 18, 1911 P. L. 335 substantially re-enacting section 21 of the Act of 1854 provides that "The said court shall issue a writ in the nature of a mandamus-execution......" For want of compliance with the order, attachment of the treasurer may follow: RICE, P. J., in School Supply Co. v. Dennison School Dist., 3 Kulp 64; same v. same, 4 Kulp 335.

This difference in procedure also appears in the fact that the quarter sessions never had jurisdiction to issue writs of mandamus though it constantly issues mandamus-executions enforcing payment of judgments entered in that court; the subject was considered in re Sedgeley Avenue, 88 Pa. 509 and has not been doubted since; Opening of Parkway, 267 Pa. 219, 225.

While the petition filed below was called a petition for a writ of alternative mandamus on which a rule to show cause was granted, and though the city, by its treasurer, filed what it called a return, we consider these papers in accordance with their substance, that is, as a petition for a writ of mandamus-execution and an answer thereto, and this accords with the order made which is in the words of the Act of 1834. "Mandamus for the payment of an award is a writ of execution": Opening Parkway, 267 Pa. at 225.

We have, then, a final judgment and an order requiring payment (we quote the order) "Out of any moneys unappropriated by the city or if there be no such moneys, out of the first moneys that shall be received by him for the use of said city......" Appellant does not allege that the judgment has been paid, or that the treasurer is without the required money to pay it. Its contention is that it should now have an opportunity to show that payment ought not to be made because appellees released their right to damages. If they did, it was undoubtedly a valid defense, but like

other defenses, should have been made before judgment. "A judgment settles everything involved in the right to recover, not only all matters that were raised, but those which might have been raised.": Myers v. S. Bethlehem, 149 Pa. 85, 91. The release of damages might have been interposed before the viewers; if it was not, or if the viewers failed to give it effect, the city might have tried the question before a jury on an appeal from the report of the viewers. The judgment was entered in an adversary proceeding, and, as the term had expired before the execution was sought, it was not subject to attack except for extrinsic fraud and that is not alleged here: see Powell v. Doyle, 77 Superior Ct. 520, and, particularly, in re Kensington etc., Turnpike Company, 97 Pa. 260, in which the court pointed out that though it was asserted on appeal that the confirmation should be set aside after the term "on the ground that a great fraud was perpetrated", the court declined to sustain an order made below setting aside the confirmation, and justified its conclusion on the ground that there was no averment of the fraud in the petition.

It is well settled in mandamus-execution that the court will not hear a defense which might have been made in the action before judgment: Kensington Turnpike case, supra; Com. ex rel. v. Hinkson, City Treasurer, 161 Pa. 266; Lancaster County v. Lancaster City, 170 Pa. 108: Opening Parkway, supra. And it has been held that, if after final judgment and before actual possession of the land is taken, the city repeals the ordinance to open and abandons the improvement, mandamus-execution will nevertheless be granted. Myers v. South Bethlehem, supra.

Ordered affirmed.