# Philadelphia & Reading Coal & Iron Co. v. Tamaqua School Dist.

*Penrose Hertzler* and *M. M. Burke,* for plaintiff; *J. O. Ulrich,* for defendant.

HOUCK, J., November 13, 1933.—The plaintiff, in 1928, sued to recover certain excess tax payments amounting to $8,547.75, with interest from September 21, 1923. The trial resulted in a verdict for plaintiff for the total amount claimed, or $12,137.80. Judgment for this amount was entered upon payment of the jury fee on December 10, 1930. The defendant prosecuted an appeal to the Supreme Court, which, on May 11, 1931, modified the judgment to the principal sum due plaintiff, $8,547.75, with interest at 6 percent from July 1, 1925. The opinion states: "With this modification, the judgment of the court below will be affirmed,

and judgment will be entered for plaintiff here for the amount found to be due as stated above": 304 Pa. 489, 497. On June 1, 1931, plaintiff filed in this court a suggestion showing that the amount of the judgment, as modified by the Supreme Court, is $11,231.74. Thereafter, plaintiff obtained a number of writs of mandamus execution to collect its judgment, all of which were quashed for technical reasons. Finally, on June 26, 1933, plaintiff presented a petition for a writ of mandamus execution, on which petition the writ was directed to issue. On July 26, 1933, defendant filed an answer to the petition and to the writ.

The command of the writ is to pay the judgment of $11,231.74, with interest thereon from December 10, 1930, and costs. The defendant attacks the writ on the ground that there is no judgment of record for $11,231.74; that no interest whatever is recoverable; that the plaintiff is not entitled to recover anything under any act of assembly, and that the proceeding is improper in that the writ was issued upon petition without a preliminary rule to show cause. The answer also avers that the defendant school district does not have sufficient unappropriated moneys to pay the judgment. This reason apparently has been abandoned, since it is not mentioned in defendant's brief. At all events, this is not a defense to the writ. It might be a defense to an attempt to enforce the writ by attachment.

The first three reasons relied on by defendant are palpably without merit. We have quoted sufficient from the record to show that judgment was regularly entered for the amount named in the writ. The question of interest was fully considered by the Supreme Court, and interest on the excess taxes was specifically allowed by that tribunal from July 1, 1925. Interest did not cease to run upon the entry of judgment, and it will continue until the judgment is paid. The question whether plaintiff is entitled to recover under any act of assembly needs no comment because it is a substantive defense conclusively determined against defendant by the verdict and its subsequent affirmance by the Supreme Court.

The only remaining question is whether the writ properly issued upon petition, without a rule to show cause. This question must be answered in the affirmative. The procedure is governed by section 514 of the School Code of May 18, 1911, P. L. 309. This section provides that the plaintiff in any judgment "shall petition the court of common pleas in which such judgment was obtained . . . , whereupon the said court shall issue a writ in the nature of a mandamus execution". All that the act requires is a petition, and upon its presentation the writ shall issue. The statute does not require a rule to show cause before the writ is issued. The defendant relies upon a dictum in Schlosberg et ux. v. City of New Castle, 100 Pa. Superior Ct. 139, 143, to the effect that the procedure in mandamus execution is a petition for a rule to show cause. That case, however, was not construing section 514 of the School Code but the Act of April 15, 1834, P. L. 537, respecting mandamus execution against townships. The provisions of the two statutes are quite different. It is unnecessary to pursue the matter further, because the procedure followed by the plaintiff is the procedure indicated in the applicable statute.

The record is self-sustaining, and none of the objections raised by the defendant has any validity. Consequently, we may not dismiss plaintiff's petition nor set aside the writ, as defendant in its answer requests us to do. The practice here pursued by the defendant is erroneous and, in reality, has raised no issue to be determined by us. The defendant has not moved to quash or to set aside the writ. It simply filed an answer to the petition upon which the writ issued. Because of the prayer in the answer, we shall treat the answer as a motion to dismiss the petition and to set aside the writ. As already indicated, neither action is warranted by the record.

And now, November 13, 1933, defendant's motion to dismiss plaintiff's petition and to set aside the writ of mandamus execution is overruled.