## Runyan et al. v. McConnellsburg Borough School District

*John P. Sipes,* for plaintiffs.
*John W. Mentzer,* for defendant.

SHEELY, P. J., September 18, 1939.—This is a petition for a writ of mandamus to the Board of School Directors of McConnellsburg Borough to compel the board to make payment of an award of damages for land taken by the board for school purposes. An answer has been filed to the petition; the sole question involved is the date from which claimants are entitled to interest on the award.

The pertinent facts are that viewers to assess damages for the taking of land by the school board were appointed by the court of common pleas on December 7, 1938, with directions to meet on December 21, 1938. The viewers met at the appointed time and, on February 17, 1939, filed their report in the court of common pleas assessing damages in the sum of $1,226 and awarding that amount to John B. Runyan and Russell Runyan, claimants. The report was confirmed nisi and was directed to be confirmed absolutely without further order of court unless exceptions were filed thereto within 30 days of that date. Service of the report was accepted on behalf of all parties in interest and, no exceptions having been filed, the report was duly confirmed absolutely as ordered.

It is alleged in the answer, and not denied by replication, and was specifically admitted at the argument, that when the report of the viewers was filed on February 17, 1939, the school board deposited its check with the prothonotary in the amount of $1,226 payable to the order of claimants. On that date, or a few days thereafter, counsel for claimants stated that he would not accept payment of the award unless the payment included interest in the sum of $10, or interest on the principal sum from the date of the taking of the property to the date of the payment. The present proceeding followed, and in their petition claimants claim the sum of $1,226 with interest from December 4, 1938, the date of the taking of the property.

The real estate of claimants was taken under the provisions of the School Code of May 18, 1911, P. L. 309, and subsequent proceedings relating to the assessment of

damages were conducted under the provisions of that act. Section 610 of the School Code provides that the viewers shall decide the matters submitted to them and make a true report thereof to the court, giving to all parties interested five days' notice of the filing thereof. Under section 611, the report shall be confirmed absolutely by the court unless exceptions are filed thereto within 30 days from the date of filing. Under section 1 of the Act of April 25, 1929, P. L. 777, as amended by the Act of March 26, 1931, P. L. 10, it is provided that the amount of damages allowed in a report of viewers for the taking of property by the exercise of eminent domain shall, as finally confirmed, bear interest at the rate of six percent per annum from the date of the filing of the report.

The date of the filing of the report is thus made the date from which interest is allowed, and this is in accord with the rules applicable to interest on verdicts awarded in the court of common pleas and is also in accord with the statements of the Supreme Court in Opening of Parkway, 267 Pa. 219 (1920), at page 224. The court there said that the proper practice is for the viewers to find the value of the property as of the date of the taking, and then to calculate the compensation for the delay in payment, and state its award as a total. The court stated that the claimant occupies " 'the same position as if the case had been tried in the court of common pleas, in which event, the verdict being in favor of claimant for the amount of its claim, it would then be entitled to interest on the judgment from the date of the entry thereof to the date of payment': see Township of North Whitehall v. Keller, 100 Pa. 105, 109; King v. Brown, 31 Pa. Superior Ct. 50, 51."

From the statutes above referred to as construed by the Supreme Court in the case cited, it is clear that viewers, in assessing damages, award claimants all the damages due them up to the time of making the award, including damages for the taking and for the delay in payment, just as a jury in the court of common pleas awards

a plaintiff all the damages to which it is entitled up to the time of the verdict. The viewers speak through the medium of their report filed in the court of common pleas under section 610 of the School Code in the same manner that a jury speaks through the medium of its verdict. It follows that the award of the viewers must, therefore, be presumed to include all damages due claimants up to the date of filing of their report, and under the provisions of the Act of 1929, as amended, interest is allowed claimants on this amount from that date. Therefore, claimants here would be entitled to no interest prior to February 17, 1939.

As stated above, claimants refused to accept payment of the award on February 17, 1939, or within a few days thereafter, unless the payment would include interest on the award from the date of the taking of the property or from the date of the meeting of the viewers. We believe that this refusal on the part of claimants relieved the school board from the necessity of making a legal tender of the amount of the award as claimants had thereby indicated that they would refuse a tender of that amount if made, and the law never requires a person to do a vain or useless act. See 26 R. C. L. 624, and Barker v. Parkenhorn, 2 Wash. C. C. 142. Claimants having improperly refused to accept the amount of the award at or within a few days of the time of the filing of the viewers' report waived their right to interest on the award from the date of the filing of the report. It follows that there is now due to claimants the sum of $1,226.

And now, September 18, 1939, it is ordered and decreed that a writ of mandamus issue to the Board of School Directors of McConnellsburg Borough directing the board forthwith to pay unto John B. Runyan and Russell Runyan the sum of $1,226 in full payment of the award due them. The costs of this mandamus proceeding to be paid by the said John B. Runyan and Russell Runyan.