## Bacher, Admx., v. Hebel

*Francis J. Morrissey, Jr.*, for plaintiff.
*William D. Harkins*, for defendant.

LEVINTHAL, J., February 20, 1942.—Defendant's statutory demurrer challenges the legal sufficiency of plaintiff's statement of claim.

Plaintiff alleges the following: That she became administratrix of the estate of Anna Hofman, deceased, on January 29, 1940; that she employed as counsel William J. Ballen, "and as such, he came into the possession of all the papers of decedent"; that among decedent's papers were two notes made by defendant to decedent, namely, a judgment note for $2,000 and a promissory note for $1,000; that when Ballen presented these notes to defendant for payment the latter informed him that she really owed $4,500 with interest at five percent from November 18, 1939; that, there-

upon, Ballen secured from defendant a judgment note for $4,500, payable to plaintiff, dated February 7, 1940; that, thereafter, defendant gave Ballen two checks, one for $2,250 and the other for $2,111.25, both instruments being drawn to the order of "Wm. J. Ballen, Attorney"; that. Ballen had allowed a discount of $138.75 on the second check for payment before April 10, 1940; that Ballen returned the $4,500 judgment note to defendant, applied the proceeds of the checks to his own uses and afterwards absconded; that, shortly thereafter, Ballen died; that plaintiff has made demand for payment of the original indebtedness but defendant, who had dealt with Ballen in good faith, has refused any further payment; and that "plaintiff never authorized the. said Ballen to receive payment of the defendant's debt to the estate of decedent". Wherefore, plaintiff seeks recovery of $4,500 with interest.

It would be unconscionable to compel defendant to pay a second time if Ballen had authority to collect but, in our opinion, this matter should not be disposed of on demurrer alone. As attorney for the administratrix, Ballen came into possession of two notes, one a judgment note. While an agent's authority to collect is not to be assumed from the fact of possession alone, possession coupled with other circumstances may be very potent evidence of authority to receive payment. See 1 Mechem on Agency (2d ed.) §935, p. 670. The circumstances of the present case strongly suggest the fact of authority to collect but we think the facts in this regard should be developed at the trial.

Of course, an attorney empowered to collect payment has no authority, unless expressly given, to compromise or settle his client's claim. Thus, he cannot accept securities in satisfaction of the debt: Whitesell & Sons, to use, v. Peck, Phillips & Wallace Co., Ltd., 165 Pa. 571 (1895); nor can he extend the time of payment: Beatty v. Hamilton et al., 127 Pa. 71 (1889); nor can he accept a smaller sum in full payment: Town-

ship of North Whitehall v. Keller, 100 Pa. 105 (1882) ; Isaacs v. Zugsmith, 103 Pa. 77 (1883) ; Philadelphia & Reading Ry. Co. v. Christman, 4 Penny. (Pa.) 271 (1884) ; Brockley v. Brockley, 122 Pa. 1 (1888). Here, it is averred, Ballen accepted a new judgment note which provided for interest from the date thereof, namely, February 7, 1940, and then further compromised the admitted indebtedness by allowing a discount of $138.75. Unless he had express authority to do so, plaintiff is not bound by these acts.

However, should it be established that Ballen had actual authority to collect payment on the original indebtedness, we think defendant should be allowed a credit for the amount actually paid Ballen. The fact that defendant paid this money in contemplation of a settlement which, unknown to her, was an unauthorized one, does not call for a contrary conclusion: Township of North Whitehall v. Keller, supra; Isaacs v. Zugsmith, supra; Philadelphia & Reading Ry. Co. v. Christman, supra; Brockley v. Brockley, supra. Nor will the credit be barred because plaintiff's attorney embezzled the proceeds and absconded. As stated in 1 Thornton on Attorneys at Law, sec. 220, where an attorney is empowered to collect his client's claim, "a payment to him of an amount less than the face of the claim or judgment, accepted by him in full satisfaction, will be treated as a payment on account". In accord, see Incorporated Town of Wainwright v. Eureka Fire Hose Mfg. Co., 92 Okla, 75, 218 Pac. 306 (1923). Cf., contra, Miller v. Lane, 13 Ill. App. 648 (1883), disapproved of in the Wainwright case, supra, and cited by Thornton, supra, as an Illinois peculiarity. Payment to an authorized attorney being payment to his client, the fact that the latter never actually receives the money is of no importance as far as the liability of the debtor is concerned. Likewise, the circumstance that defendant's check was made payable to "Wm. J. Ballen, Attorney" is also of no significance. If Ballen had

authority to collect the indebtedness, defendant would ordinarily have been obliged to pay him in cash. Since defendant might have paid in cash, her payment by check to Ballen's order was no different in effect: Pepper, Trustee, v. Cairns, 133 Pa. 114, 121 (1890).

In accordance with the foregoing, the questions of law raised by defendant's affidavit of defense under section 20 of the Practice Act of 1915 are hereby resolved in favor of plaintiff.